THE KETCHUM HARVESTER Co. *v.* THE JOHNSON HARVESTER CO.

*(Circuit Court, N. D. New York.* July 6, 1881.)

1. LETTERS PATENT—MANUFACTURE FOR SALE ABROAD—INFRINGEMENT.

    Every manufacture for sale abroad, followed by actual sale, of a machine on which an American patent has been issued, is an infringement of the American patentee's rights of property and exclusive use.

*Spencer Clinton,* for plaintiff.

*Ward Hunt, Jr.,* for defendant.

BLATCHFORD, C. J. I think the provisions of the decree as to license fees, in connection with the testimony, are sufficient to authorize the finding of a license fee of five dollars for each machine with a concave wheel made and sold in the United States, and one of $2.50 for each machine with a concave wheel made in the United States for sale abroad and sold abroad. Although the patent could give no protection abroad in the sale of machines abroad, it gave protection in the United States in making machines in the United States for sale abroad. The patent prevented all persons but the patentee from making in the United States. The privilege of mak-

ing in the United States, for sale abroad, was valuable, as was shown by the fact that the defendant made in the United States for sale abroad. The plaintiff was entitled to that privilege exclusively, and to damages for its violation. It may be that in the case of manufacture in the United States, without sale anywhere, nominal damages only are to be allowed; but where such manufacture is followed by sale abroad, it cannot be said that the damages ought to be only nominal. It is true that the sale is the fruition, and gives the profit, and that the sale is abroad, and the patent does not cover the sale abroad. But the unlawful act of making is made hurtful by a sale, wherever made. The legal damages for making and selling here may be, in some cases, greater than the legal damages for making here and selling abroad; but to deprive the patentee of all damages for unlawful making here, because the article is sold abroad, is to deprive him of part of what his patent secures to him.

The allowance on the concave wheel machines should be for 1,767 machines, at $5 apiece, being $8,835; and for 4,484 machines sold abroad, at $2.50 apiece, being $11,210. The allowance under the shoe patent should be 98 machines, at $1.50 apiece, being $147, and for 89 machines sold abroad, at 75 cents apiece, being $66.75.

The allowance to the plaintiff of only one-half, on machines sold abroad, of the fee on machines sold here, is very liberal to the defendant. It is all the plaintiff asks, and is not to be regarded as establishing the rule that the same damages would not be proper for machines sold abroad and for machines sold here both being unlawfully made. The act of making, in either case, is necessary to enable the sale to be made; and, the making being unlawful, it is no injustice to attribute to the unlawful act all the consequences which flow from it.

The defendant's exceptions are disallowed, with costs, and the plaintiff's are allowed, with costs, and a decree will be entered for the plaintiff for $20,258.75.